FILED

2010 NOV 12 AM 8:52

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA,
JACKSONVILLE DIVISION

AMERICAN HERITAGE LIFE )
INSURANCE COMPANY and FIRST )
COLONIAL INSURANCE COMPANY, )
)
Petitioner, )
)
v. ) Case No. 3:10-cv-1040-J-99 MMH-TEM
)
SOUTHWEST REINSURE INC., )
SANDIA LIFE & CASUALTY )
INSURANCE COMPANY, LTD., )
DESIGNED LEADERSHIP, INC., )
JAMES B. SMITH, and GREG )
MIRABILE, )
)
Respondents. )

**CONSENT PETITION TO CONFIRM ARBITRATION AWARDS AND
SUPPORTING MEMORANDUM OF LAW**

ROBERT T. HYDE, JR. (*Trial Counsel*)
Florida Bar. No.: 199990
bhyde@rtlaw.com
**ROGERS TOWERS, P.A.**
1301 Riverplace Boulevard, Suite 1500
Jacksonville, Florida 32207
(904) 398-3911
(904) 396-0663 (facsimile)

Dated: November 12, 2010

*Attorneys for Petitioners American Heritage
Life Insurance Co. and First Colonial
Insurance Company*

Petitioners American Heritage Life Insurance Company ("AHL") and First Colonial Insurance Company ("First Colonial"), by and through their attorneys, allege as follows:

## NATURE OF THE PROCEEDING

1. This is a petition pursuant to 9 U.S.C. § 9 to confirm the arbitration awards issued by a three-member arbitration panel (the "Panel") in an arbitration captioned <u>In the Matter of the Arbitration between American Heritage Life Insurance Company and Southwest Reinsure, Inc., et al</u>.

2. This action arises under the Federal Arbitration Act, 9 U.S.C. § 1, <u>et seq.</u>, (the "FAA") because the Arbitration Awards were issued in an arbitration arising out of a transaction of interstate commerce involving insurance and reinsurance in and outside of Florida. Petitioners AHL and First Colonial are Florida residents. Respondents Southwest Reinsure, Inc., Designed Leadership, Inc and James B. Smith are New Mexico residents. Respondent Sandia Life & Casualty Insurance Company Ltd. is a resident of the Turks and Caicos. Respondent Greg Mirabile is a California resident.

## PARTIES, JURISDICTION AND VENUE

3. AHL is incorporated under the laws of the State of Florida and has its principal place of business in Jacksonville, Florida.

4. First Colonial is incorporated under the laws of the State of Florida and has its principal place of business in Jacksonville, Florida.

5. Southwest Reinsure, Inc. ("Southwest Re") is incorporated under the laws of New Mexico and has its principal place of business in Albuquerque, New Mexico.

1

6. Designed Leadership, Inc. is incorporated under the laws of New Mexico and has its principal place of business in Albuquerque, New Mexico.

7. Sandia Life & Casualty Insurance Company Ltd. is incorporated in the Turks and Caicos and has its principal place of business in Albuquerque, New Mexico.

8. James B. Smith is an individual and is a resident of New Mexico.

9. Greg Mirabile is an individual and is a resident of California.

10. The Court has jurisdiction over this action pursuant to 9 U.S.C. § 9 and 28 U.S.C. § 1332 because of diversity of citizenship between the parties. The amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.

11. Venue is proper in this District under 9 U.S.C. § 9 and 28 U.S.C. § 1391(a)(2).

## FACTUAL BACKGROUND

12. AHL is an insurer that entered into a May 1, 1990 Service Agreement, as amended on various occasions between November 1, 1991 through January 2, 2003 (the "Service Agreement"), with respondent Southwest Re, whereby Southwest Re administered certain business insured by AHL.

13. In connection with Southwest Re's administration of the business, AHL entered into a "Terms of Business" letter dated February 26, 1997 (the "Terms of Business Letter") with the Respondents, whereby, as alleged by AHL, Respondents agreed to indemnify AHL for any credit insurance losses unreimbursed by reinsurance captives administered by Southwest Re.

14. AHL initiated litigation in the United States District Court for District of New Mexico (the "New Mexico Court") and Respondents asserted counterclaims

against AHL and First Colonial. The parties filed various motions in this Court and in the New Mexico Court seeking to stay litigation and enforce arbitration provisions.

15. On April 10, 2009, the parties agreed to arbitrate all of their disputes under the Terms of Business Letter and the Service Agreement, and voluntarily dismissed all actions pending in this Court and in the New Mexico Court. The parties' agreement to arbitrate is memorialized in an April 10, 2009 letter agreement (the "Arbitration Agreement"). A true and accurate copy of the Arbitration Agreement is annexed as Exhibit A.

16. In the Arbitration Agreement, the parties agreed to submit their disputes to the arbitration panel (the "Panel") that had been formed to adjudicate a separate arbitration that was proceeding between the parties' affiliates at the time the Arbitration Agreement was signed. A hearing was scheduled to begin before the Panel on April 19, 2010.

17. On April 20, 2010, the parties entered into a Stipulation Order for Bifurcation of the Liability and Damages Phases of the Arbitration Hearing ("Stipulation and Order") whereby the liability phase of the hearing was to begin on April 19, 2010 and continue from day to day until completed, and the damages phase of the hearing was to be held from July 14-16, 2010. In accordance with the Stipulation and Order, a hearing on liability was held before the Panel from April 19 to April 20, 2010.

18. On June 14, 2010, the Panel issued a Liability Order and Award of the Panel (the "Liability Award"). A true and accurate copy of the Liability Award is attached as Exhibit B. In the Liability Award, the Panel ruled *inter alia* that (1) the Terms of Business Letter is a valid and binding contract, (2) pursuant to the Terms of Business Letter; Respondents are liable to AHL jointly and severally for

3

unreimbursed losses and other liabilities owed by Sandia Life & Casualty Company and certain producer-owned reinsurance companies, (3) that the amount of such unreimbursed losses and other liabilities were to be determined during the second phase of the hearing from July 14-16, 2010, and (4) that Respondents' counterclaims against AHL and First Colonial, having been withdrawn by Respondents pursuant to the terms of the Stipulation and Order, were dismissed with prejudice.

19. Prior to the damages phase of the hearing, the parties agreed to a settlement of the dispute and to the entry of a Consent Award as to damages.

20. On or about October 22, 2010, the Panel entered a Consent Award awarding AHL three million, five hundred thousand dollars ($3.5 million). A true and accurate copy of the Consent Award is attached as Exhibit C.

21. As of the date of this petition, Respondents have not sought to vacate, modify or correct either the Liability Award or the Consent Award under 9 U.S.C. §10 or 11.

22. The Liability Award and the Consent Award have not been vacated, modified or corrected.

23. AHL's petition is timely because it is being brought within one year after issuance of the Liability Award and the Consent Award.

24. AHL is entitled to confirmation of the Liability Award and the Consent Award, and entry of judgment under 9 U.S.C. § 9 and has filed the memorandum of law below in support of its petition.

## MEMORANDUM OF LAW IN SUPPORT OF
## CONSENT PETITION TO CONFIRM ARBITRATION AWARDS

I.     JURISDICTION AND VENUE

25.   Any party may seek confirmation of an arbitration award pursuant to the Federal Arbitration Act ("FAA") "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration." 9 U.S.C. § 9. If no court is specified in the agreement of the parties, "then such application may be made to the United States court in and for the district within which such award was made." *Id.* In interpreting Section 9 of the FAA, the Eleventh Circuit has held that "an explicit agreement between the parties providing for judicial confirmation of an award is not an absolute prerequisite to section 9 authority to enter judgment on the award." *Booth v. Hume Pub., Inc.*, 902 F.2d 925, 930 (11th Cir. 1990). Binding precedent in the Eleventh Circuit has held that where the parties agreed that arbitration would be final and binding and consented to the application of federal law, a district court is authorized to enter judgment on an award. *Id.*, citing *T & R Enters., Inc. v. Continental Grain Co.*, 613 F.2d 1272 (5th Cir. Ala. 1980) (citations to other Circuit Court decisions omitted).[1]

26.   Here, the arbitration agreement provides that "the written decision of the Panel majority shall be binding on all parties to this agreement." *See* Exhibit A, "Proposed Arbitration Terms." The parties' prior litigation regarding the arbitrability of this matter (occurring in both this Court and in the New Mexico Court) has been conducted pursuant to the Federal Arbitration Act. Moreover, the parties agreed that the situs of the arbitration would be Jacksonville, Florida. Accordingly, this Court has jurisdiction to confirm the Arbitration Awards. *See McGregor & Werner, Inc. v. Motion Picture Lab. Technicians Local 780, I.A.T.S.E.*, 806 F.2d 1003, 1005 (11th

---

[1] Fifth Circuit case law decided on or before September 30, 1981 is binding in the Eleventh Circuit under *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

5

Cir. Fla. 1986) (holding that under the Federal Arbitration Act, venue and jurisdiction are proper in the district within which the arbitration hearings were held).

## II. LEGAL STANDARD FOR CONFIRMATION OF AWARD

### A. AHL has met the Requirements of the Federal Arbitration Act

27. A confirmation proceeding under 9 U.S.C. § 9 "is intended to be summary." *Cullen v. Paine, Webber, Jackson & Curtis, Inc.*, 863 F.2d 851, 854 (11th Cir. 1989). "'The Federal Arbitration Act presumes that arbitration awards will be confirmed, and judicial review of an arbitration award is narrowly limited.'" *AIG Baker Sterling Heights, LLC v. Am. Multi-Cinema, Inc.*, 508 F.3d 995, 999 (11th Cir. 2007), quoting *Rosensweig v. Morgan Stanley & Co.*, 494 F.3d 1328, 1332 (11th Cir. Fla. 2007). Federal courts should defer to an arbitrator's decision whenever possible. *B.L. Harbert Int'l v. Hercules Steel Co.*, 441 F.3d 905, 909-910 (11th Cir. 2006); *see also Cartwright v. Roxbury Capital Mgmt., LLC*, No. 5:06-cv-283-Oc-10GRJ, 2007 U.S. Dist. LEXIS 32656 (M.D. Fla. May 1, 2007) ("[i]t is well settled in this Circuit that the FAA presumes the confirmation of arbitration awards and federal courts should defer to a arbitrator's decision whenever possible'") (citation omitted).

### B. There is No Basis for Vacating the Security Award

28. Under the FAA, the only grounds on which recognition and confirmation of an award "may be refused" are:

> (1) where the award was procured by corruption, fraud, or undue means;
>
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
>
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or

> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). In addition to these four statutory grounds for vacatur, the United States Court of Appeals for the Eleventh Circuit had previously set forth certain non-statutory grounds: an award may be vacated if enforcement of the award is contrary to public policy, or if the award was made in manifest disregard for the law. *B.L. Harbert Int'l*, 441 F.3d at 910. The Eleventh Circuit has since held that these non-statutory grounds are no longer valid. *See Frazier v. Citifinancial Corp., LLC*, 604 F.3d 1313 (11th Cir. 2010).

29. None of the grounds for refusing to confirm an arbitral award are present in this case.

C. **The Defendants Have Consented to Confirmation of the Arbitration Awards**

30. As part of the parties' settlement of this dispute, Respondents have consented to the entry of confirmation of the Liability Award and of the Consent Award. Written consent to confirmation is being separately filed by the Respondents.

### Certificate of Compliance with Local Rule 3.01(g)

In accordance with the terms of the Consent Award and the related settlement agreement, Respondents consented to the Court entering an Order confirming the Liability Award and the Consent Award and to the other relief specified in the prayer below.

## CONCLUSION

By virtue of the authorities cited above, and the consent given by the Respondents, Plaintiffs respectfully submit that this motion should be granted.

WHEREFORE, in accordance with the terms of the Liability Award, the Consent Award and 9 U.S.C. § 9, AHL respectfully requests that this Court enter an Order:

(1) Confirming each of the rulings consisting of the Liability Award and the Consent Award;

(2) Directing entry of judgment confirming the Liability Award and the Consent Award;

(3) Entering judgment in favor of AHL and against the Respondents jointly and severally in the amount of three million, five hundred thousand dollars ($3.5 million); and

(4) Granting such other relief as the Court may deem just and proper.

Dated: November 12, 2010

_____
ROBERT T. HYDE, JR. (*Trial Counsel*)
Florida Bar. No.: 199990
bhyde@rtlaw.com
J. ELLSWORTH SUMMERS, JR.
Florida Bar No. 0015769
jes@rtlaw.com
**ROGERS TOWERS, P.A.**
1301 Riverplace Boulevard, Suite 1500
Jacksonville, Florida 32207
(904) 398-3911
(904) 396-0663 (facsimile)
*Attorneys for Petitioner American Heritage Life Insurance Company*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 12, 2010, the foregoing Consent Petition to Confirm Arbitration Awards, along with the accompanying Memorandum of Law and all exhibits, were hand served on the following parties and their counsel in accordance with the requirements of 9 U.S.C. § 10.

William G. Cooper, Esq.
George E. Ridge, Esq.
Tiffiny Douglas Safi, Esq.
COOPER, RIDGE & SAFI P.C.
136 East Bay St. Suite 301
Jacksonville, FL 32202
wcooper@attorneyjax.com
gridge@attorneyjax.com
tsafi@attorneyjax.com

Designed Leadership, Inc.
c/o William G. Cooper, Esq.
COOPER, RIDGE & SAFI P.C.
136 East Bay St. Suite 301
Jacksonville, FL 32202

Greg Mirabile
c/o William G. Cooper, Esq.
COOPER, RIDGE & SAFI P.C.
136 East Bay St. Suite 301
Jacksonville, FL 32202

Southwest Reinsure, Inc.
c/o William G. Cooper, Esq.
COOPER, RIDGE & SAFI P.C.
136 East Bay St. Suite 301
Jacksonville, FL 32202

Sandia Life & Casualty Insurance Co. Ltd.
c/o William G. Cooper, Esq.
COOPER, RIDGE & SAFI P.C.
136 East Bay St. Suite 301
Jacksonville, FL 32202

James B. Smith
c/o William G. Cooper, Esq.
COOPER, RIDGE & SAFI P.C.
136 East Bay St. Suite 301
Jacksonville, FL 32202

_____
Attorney